IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**JAMES W. THOMAS**                                                                                                   **PLAINTIFF**

**v.**                                    **CIVIL ACTION NO.** 2:22-cv-88-HSO-RHWR

**NATIONSTAR MORTGAGE, LLC**
**d/b/a MR. COOPER**                                                                     **DEFENDANT**

**COMPLAINT**
**(Jury Trial Demanded)**

**COMES NOW** the Plaintiff, James W. Thomas ("Thomas"), by and through the undersigned counsel, and files this Complaint against Nationstar Mortgage, LLC, d/b/a Mr. Cooper ("Nationstar"), and for Plaintiff's causes of action shows unto the Court the following:

**Parties**

1. Thomas is an adult resident of the State of Kentucky, residing at 3612 Remora Drive, Lexington, Kentucky 40517.

2. Defendant Nationstar is a Delaware corporation with its principal place of business in Texas. Nationstar may be served with process through its registered agent, Corporation Service Company, at 109 Executive Drive, Suite 3, Madison, MS 39110.

**Jurisdiction**

3. Jurisdiction is proper in this Court pursuant to 28 U.S. Code § 1332 because this is a tort action involving a Kentucky resident and a Delaware corporation.

4. Venue is proper in this Court pursuant to 28 U.S. Code § 1391.

**Facts**

5. On December 9, 2021, Thomas filed a lawsuit against American Strategic Insurance Corp. d/b/a Progressive for breach of contract and bad faith failure to pay benefits under his contract for insurance with Progressive for storm damage to his second home located at 108 S. 12th Ave., Hattiesburg, Mississippi 39401. This lawsuit was filed in the United States District Court for the Southern District of Mississippi, Eastern Division, Civil Action No. 2:21-cv-00158-TBM-RPM, and styled *James W. Thomas v. American Strategic Insurance Corp. d/b/a Progressive* ("the underlying case").

6. On May 3, 2022, Thomas and Progressive reached a settlement agreement and on May 31, 2022, the underlying case was dismissed with prejudice.

7. Pursuant to the settlement agreement of the underlying case, Progressive issued a check for a confidential amount, which included attorney fees and costs, to Thomas and Nationstar, the assignee of Thomas' mortgage. **Exhibit 1**, Letter to Nationstar dated 06/03/2022.

8. Pursuant to Thomas' deed of trust with Nationstar, in the event of a loss, Thomas was to apply any insurance proceeds to restoration or repair of the insured property and Thomas was to be reimbursed for repairs after Nationstar had an opportunity to inspect such property to ensure the work has been completed to Nationstar's satisfaction.

9. On May 9, 2022, Thomas and his attorney, Samuel S. McHard ("McHard") conferred with Nationstar representatives regarding Thomas' recovery pursuant to the settlement agreement with Progressive. At that time, Nationstar represented that if Thomas and his attorney would send the endorsed settlement to Nationstar by means of a special "rush" address, Nationstar would immediately pay McHard, McHard, Anderson & Associates,

PLLC ("MMA&A") the amount of its fees and costs and would immediately reimburse Thomas for the cost of his roof replacement.

10. Thomas reasonably relied upon this statement of fact which was, unbeknownst to Thomas at that time, a complete misrepresentation and fraud.

11. On June 3, 2022, McHard provided to Nationstar Check No. 1894438 issued by Progressive made payable to Thomas and Nationstar with the cover letter from McHard directing Nationstar to immediately pay MMA&A for fees and costs and to pay Thomas for the cost of the new roof which he had paid to install on November 4, 2021.

12. Nationstar was on notice of its right and opportunity to inspect said repairs but failed and refused to do so.

13. Pursuant to Thomas' contingency agreement with McHard for representation in the underlying lawsuit, Thomas demanded payment from Nationstar. Further, Thomas demanded payment from Nationstar for reimbursement of funds paid by Thomas to Reliable Roofing & Construction, LLC for a new roof for Thomas' home.

14. Despite numerous attempts by Thomas to secure reasonable cooperation and reimbursement pursuant to the letter of June 3, 2022, Nationstar has willfully, maliciously, and repeatedly refused to reimburse Thomas for his attorney fees and costs owed and failed and refused to reimburse Thomas for the funds he paid for a new roof for the home. Instead, Nationstar has demanded to apply all settlement funds to the outstanding mortgage to pay off the balance of the loan (which is approximately $81,000.00) and while still charging Thomas interest on his loan. These wrongful actions taken by Nationstar constitute illegal conversion of Thomas' funds and breach of contract.

### Count I – Conversion, Fraud, and Misrepresentation

15. The allegations of the preceding paragraphs are re-alleged and incorporated herein by reference.

16. Thomas properly and repeatedly demanded delivery of funds owed pursuant to his contingency attorney fee agreement with McHard for representation in the underlying lawsuit and for reimbursement of funds paid to install a new roof on his home.

17. Nationstar has unlawfully taken and converted to its own use funds owed to Thomas pursuant to the contingency fee agreement and settlement agreement of the underlying lawsuit.

18. Therefore, Thomas demands judgment for actual damages against Nationstar for an amount to be proven at trial, plus attorney fees and costs and punitive damages for Nationstar's willful misrepresentations, fraud, and conversion.

### Count II – Breach of Contract

19. The allegations of the preceding paragraphs are re-alleged and incorporated herein by reference.

20. The actions and inactions of Nationstar, as described above, constitute a breach of contract.

21. Thomas is entitled to all damages allowable for breach of contract, including, but not limited to, nominal damages, incidental damages, consequential damages, special damages, attorneys fees, interest and punitive damages.

### Count III – Tortious Breach of Contract

22. The allegations of the preceding paragraphs are re-alleged and incorporated herein by reference.

23. The course of conduct of Nationstar, and the actions and inactions of Nationstar, constitute breaches of contract to such an extent as to rise to the level of an independent tort constituting tortious breach of contract, entitling Thomas to consequential damages, special damages, attorneys fees, interest and punitive damages, and all other damages allowable by law.

### Count IV – Breach of Covenant of Good Faith and Fair Dealing

24. The allegations of the preceding paragraphs are re-alleged and incorporated herein by reference.

25. The actions and inactions of Nationstar, as described above, constitute a breach of the covenant of good faith and fair dealing implied in all contractual arrangements between contracting parties in the State of Mississippi, entitling Thomas to all damages allowable pursuant to law, including consequential damages, special damages, attorneys fees, interest and punitive damages.

### Count V – Negligent and Intentional Infliction of Emotional Distress

26. The allegations of the preceding paragraphs are re-alleged and incorporated herein by reference.

27. Nationstar's acts and/or omissions were willful, wanton, grossly careless, indifferent, reckless, and/or negligent and said conduct resulted in Thomas' injuries and anxiety, mental and emotional distress, fear, aggravation, and inconvenience. Nationstar's acts and/or inactions constitute the direct, proximate and/or contributing cause of the mental and emotional distress suffered by Thomas, and such damages were reasonably foreseeable consequences of Nationstar's actions and inactions.

WHEREFORE, PREMISES CONSIDERED, Thomas demands judgment of, from, and against Nationstar for compensatory damages, special damages, emotional distress damages, incidental and consequential damages, plus attorney's fees and costs, punitive damages, and pre-judgment and post-judgment interest as determined by a jury of Thomas' peers.

Respectfully submitted this the 7th day of July 2022.

**James W. Thomas, Plaintiff**

BY: _____
SAMUEL S. McHARD, MSB #100295

SAMUEL S. McHARD, MSB #100295
P. MANION ANDERSON, MSB #104250
PEYTON J. MOORE, MSB #106137
McHARD, McHARD, ANDERSON & ASSOCIATES, PLLC
140 Mayfair Road, Suite 1500
Hattiesburg, MS 39402
Telephone:    601-450-1715
Facsimile:     601-450-1719
smchard@mchardlaw.com
manderson@mchardlaw.com
pmoore@mchardlaw.com